**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ERIKA RASCON,**<br><br>**Plaintiff**<br><br>**vs.**<br><br>**ROCKWALL COUNTY, TEXAS; DEPUTY JEFFREY WALLS, in his individual capacity; CITY OF WYLIE; JOHN/JANE DOE DEPUTIES 1-5, in their individual capacities; and JOHN/JANE DOE WYLIE POLICE OFFICERS 1-5, in their individual capacities,**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **No. 3:26-cv-03216-L** |

**DEFENDANTS ROCKWALL COUNTY, DEPUTY WALLS, AND DEPUTY WILLIAMS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND BRIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants Rockwall County, Texas (the "County"), Deputy Jeffrey Walls ("Deputy Walls"), and Deputy Trey Williams ("Deputy Williams") (collectively, "Defendants") and, pursuant to Rule 12(b)(6), file their Reply to Plaintiff's Response to Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Dkt. #31), and respectfully show the Court as follows:

**I.**

**REPLY TO PLAINTIFF'S RESPONSE**

**A. Plaintiff's State-Law Negligence Claim Should Be Dismissed**

Defendants' motion demonstrated that Plaintiff's State-law negligence claim against Kaufman County, purportedly brought pursuant to the Texas Tort Claims Act, should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter

jurisdiction because the County is entitled to governmental immunity. (Dkt. #31, pp. 3-6). Specifically, the County is immune from the claim because it is for an intentional tort, which does not fall within the limited waiver of governmental immunity provided by the Texas Tort Claims Act. *Id.*; *see also* Tex.Civ.Pract.&Rem.Code § 101.057(2); *Univ. of Tex. Medical Branch at Galveston v. Hohman*, 6 S.W.3d 767, 777 (Tex. App.—Houston [1st Dist.] 1999, pet. denied); *Delaney v. Univ. of Houston*, 835 S.W.2d 56 (Tex. 1992).

Plaintiff's response argues that she can bring a Federal excessive force claim (which requires intentional, wrongful action) and a State-law claim for the negligent use of handcuffs because they are alternative, distinct causes of action (Dkt. #36, pp. 7-9). Plaintiff is incorrect. The Texas Supreme Court, *in a decision that Plaintiff herself cites to in her response* (*see* Dkt. #36, p. 9, n. 4), has specifically held that a governmental entity is entitled to immunity from a claim that police officers used excessive force in handcuffing a suspect during an arrest, even when framed by the plaintiff as a negligence claim. *City of Watauga v. Gordon*, 434 S.W.3d 586, 588, and 593-94 (Tex. 2014). "The gravamen of [plaintiff's] complaint against the City is that its police officers used excessive force in effecting his arrest. Claims of excessive force in the context of a lawful arrest arise out of a battery rather than negligence, *whether the excessive force was intended or not*…Because [plaintiff] alleges that the police used excessive force in his arrest, a claim that arises out of a battery, *his pleadings do not state a claim for which governmental immunity has been waived under the Texas Tort Claims Act*." *Id.*, at 593-94 (emphasis added); *see also Cameron County v. Ortega*, 201 S.W.3d 495, 499 (Tex.App.-Corpus

Christi 2009) (allegations ta a deputy was negligent in use of handcuffs and that he used excessive force are indistinguishable from assault).[1]

For these reasons, Rockwall County is immune from Plaintiff's State-law negligence claim, the Court lacks subject matter jurisdiction over it, and it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

### B. <u>Plaintiff's Federal Claims Should Be Dismissed</u>

Plaintiff's claims for a violation of her Fourth and Fourteenth Amendment rights, and for purported violations of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504") should also be dismissed.

#### 1) Unlawful Detention

It is established that there was probable cause, or at the least, reasonable suspicion, to detain Plaintiff and her companion Micah Ray as trespassers on the property, based on the landowners' reports to Walls that they had not given permission for anyone to be on the property, and Ray's admission that he did not have permission to be on the property. *See* Dkt. #37, Notice of Manual Filing of Exhibits, Exhibit A, Walls body cam video at 14:40 to 14:42; 14:43 to 14:45; 14:48 to 14:52; and 14:57:45 to 14:58:10. Plaintiff argues that the detention went on for longer than it should have, but it is important to remember that the entire encounter between Plaintiff and Defendants was a little over one hour, not over three hours, as Plaintiff repeatedly (and groundlessly) claims. *See* Dkt. #37, Exhibit A, Walls body cam video at 14:52 to 16:00; Acosta-Mejia body cam video at 15:07 to 16:02.

---

[1] Defendants would note that the other case Plaintiff cites to in support of her argument, *City of Beverly Hills v. Guevara*, 911 S.W.2d 901 (Tex.App.-Waco 1995) (see Dkt. #36, p. 9, n. 3), in no way stands for the proposition that Plaintiff can bring a Federal excessive force claim and a negligent use of handcuffs claim. In that case, the Court never reached the City's intentional tort argument, instead deciding the case solely on the basis of the police officer's official immunity. *Guevara*, 911 S.W.2d at 902.

In fact, the actual "detention" was only about *21 minutes*, from 2:52 p.m. to 3:13 p.m. At that point, Walls called EMS to come to the scene to render medical assistance to Plaintiff. The remainder of the encounter was Plaintiff waiting for medical assistance to arrive and then receiving medical care, at which point every one leaves. *See* Dkt. #37, Exhibit A, Walls body cam video at 15:13 to 16:00; Acosta-Mejia body cam video at 15:13 to 16:02. Sixty minutes of interaction with law enforcement, when only about 20 minutes involved actual detention as opposed to waiting for and receiving medical care, is not unreasonable or unlawful.[2]

**2) Excessive Force**

As discussed in Defendants' motion, allegations of a port-line infection requiring intravenous antibiotics concern a *de minimis* injury that will not support a 4th Amendment excessive force claim. *Solis v. Serrett*, 31 F.4th 975, 981 (5th Cir. 2022); *Freeman v. Gore*, 483 F.3d 404, 416 (5th Cir. 2007); *Alexander v. City of Round Rock*, 854 F.3d 298, 309 (5th Cir. 2017). *Freeman*, 483 F.3d at 417; *Deville v. Marcantel*, 567 F.3d 156, 168 (5th Cir. 2009). Plaintiff's reliance on a case where a plaintiff was tased on multiple occasions, and where the issue of the sufficiency of the alleged injury was not challenged, as it is here (*Ramirez v. Martinez*, 716 F.3d 369, 373-74, 377-78 (5th Cir. 2013), and a case where plaintiff's face was forcefully slammed into a vehicle, injuring her jaw and breaking two teeth (*Bush v. Strain*, 513 F.3d 492, 495-96 (5th Cir. 2008) are inapposite to the case at bar. *See* Dkt. #36, pp. 11-12.

Plaintiff's response appears to claim that she is also basing her excessive force claim in part on the period of time she was handcuffed in front of her body. (*See, e.g.*, Dkt. #36, pp. 5, 7, and 13). Allegations of the front-cuffing causing Plaintiff any injuries, however, *are not pled in*

[2] Plaintiff was handcuffed in the front until around 3:28 p.m., however, she was not going to leave the scene because she was waiting for medical treatment and, in any event, Plaintiff's front handcuffing cannot be the source of any alleged injury, as discussed *infra*.

*her amended complaint*. *See* Dkt. #18. Plaintiff's only allegations of injuries from the use of excessive force are the dislodging of the port line when she was **rear** hand-cuffed. *Id.* Statements or arguments made in a response to a motion to dismiss that are not in the Plaintiff's pleadings are not relevant. When considering a Rule 12(b)(6) motion, the Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012); *see also Cutrera v. Board of Supervisors of Louisiana State University*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court.").

P's complaint nowhere claims that the front hand-cuffing injured her. *See* Dkt. #18. In fact, Plaintiff expressly pleads that front-cuffing her (which Walls did almost immediately after Plaintiff complained about being rear handcuffed (*see* Dkt. #37, Exhibit A, Walls body cam video at 14:55 to 14:56:07) *was the safer, reasonable alternative that should have been used*. *See* Dkt. #18, p. 7, ¶25). Thus, to the extent, if at all, the Court concludes the front-cuffs were left on too long, that cannot support an excessive force claim, as Plaintiff has not pled any injury as a result of being front hand-cuffed.

**3) Denial of Medical Care Claim**

Plaintiff claims that the deliberate indifference required to state a 14th Amendment claim for denial of medical care does not mean a subjective intent to cause harm. *See* Dkt. #36, p. 13. This is simply incorrect. That is precisely what the cases establish. An official acts with deliberate indifference if:

> (1) he knows that an inmate faces a substantial risk of serious bodily harm; and (2) he disregards that risk by failing to take reasonable measures to abate it. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted); see also *Farmer*, 511 U.S. at 836 ("It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk."); *Gibbs*, 254 F.3d at 549 ("To prove deliberate indifference, [an inmate] must show that the state official knew of and disregarded an excessive risk to the inmate's health or safety." (citation omitted)); *Sibley*, 184 F.3d at 489 n.7 ("We note here the difference between negligence and deliberate indifference. A reasonably prudent man may well have deemed it necessary [to take certain precautions]. *To be deliberately indifferent, however, the deputies would have had to have chosen not [to take those precautions] with the expectation that some harm would result* to [the inmate]."). Put differently, the plaintiff must show both that the employee was aware of facts from which an inference of an excessive risk to the prisoner's safety could be drawn, and that the employee actually drew an inference that such potential for harm existed. *Bradley*, 157 F.3d at 1025 (citing *Farmer*, 511 U.S. at 837).

*Anderson v. Dallas County, Texas*, 286 Fed.Appx. 850, 860 (5th Cir. 2008) (emphasis added).

The video evidence establishes that Deputy Walls immediately requested emergency medical assistance when Plaintiff's condition deteriorated and she requested care, and further establishes that she was quickly provided medical care by emergency medical technicians. *See* Dkt. #37, Exhibit A, Walls body cam video at 15:13:05 to 15:13:45; and Acosta-Mejia body cam video at 15:28 to 16:01:10. These were reasonable steps in response to a known risk of harm, and cannot be deliberately indifferent, as a matter of law. Any of Plaintiff's complaints about the nature/extent/efficacy of the medical treatment she received are not relevant to the issue of deliberate indifference. *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017). ("Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference."). Plaintiff's 14th Amendment denial of medical care claim must be dismissed.

**4) ADA and Section 504 Claims**

Plaintiff's ADA and 504 claims should be dismissed for the same reasons as her 14th amendment medical care claims. Defendants did not exhibit deliberate indifference to any known, serious medical need of Plaintiff, did not deny Plaintiff any benefits because of any disability, nor fail to accommodate any known disability of Plaintiff. *Wingfield v. Unknown Garner, Co.*, No. 23-4047, 2025 U.S. App. LEXIS 8342, at *11-12 (5th Cir. 2025) (citation omitted); *Lettieri v. Securus Techs.*, No. 3:24-cv-01065-K, 2024 U.S. Dist. LEXIS 127849, at *2 (N.D. Tex. June 3, 2024) (citation omitted); *Joganik v. E. tex. Med. Ctr.*, No. 6:19-CV-517-JCB-KNM, 2021 U.S. Dist. LEXIS 251682, at *24 (E.D. Tex. Dec. 14, 2021) (report and recommendation) (citations omitted) (emphasis added).

**5) Body Cam Video Negates All Essential Allegations of Plaintiff**

Plaintiff's response argues that the body cam footage of the incident made the basis of this suit is subject to different interpretations and does not effectively contradict her allegations. *See* Dkt. #36, pp. 14-16. Plaintiff is mistaken. The body cam footage clearly shows that Plaintiff and Micah Ray were lawfully detained (Dkt. #37, Exhibit A, Walls body cam video at 14:40 to 14:42; 14:43 to 14:45; 14:48 to 14:52; and 14:57:45 to 14:58:10); that the whole encounter with law enforcement was an hour, not 3 hours (*id.*, Walls body cam video at 14:40 to 16:00; and Acosta-Mejia body cam video at 15:07 to 16:02), and that the actual period of detention was only about 20 minutes after which Plaintiff was waiting for and getting medical care (*id.*, Walls body cam video at 15:13 to 16:00; Acosta-Mejia body cam video at 15:13 to 16:02); that Plaintiff was immediately front-cuffed after she complained about rear-cuffing (*id.*, Walls body cam video at 14:55 to 14:56:07); that EMS was immediately called when Plaintiff requested medical care (*id.*, Walls body cam video at 15:13:05 to 15:13:45); that Plaintiff received medical treatment for her

complaints (*id*., Acosta-Mejia body cam video at 15:28 to 16:01:10); and that Plaintiff refused transport to a hospital (*id*., Acosta-Mejia body cam video at 15:55:40 to15:56:30; and 15:59:25 to 16:00).

These indisputable facts shown on the body cam videos establish, as a matter of law, that Plaintiff was not detained without probable cause or reasonable suspicion; that no excessive force was applied to her; that Defendants did not exhibit deliberate indifference to any known, serious medical need of Plaintiff; and did not deny Plaintiff any benefits because of any disability, nor fail to accommodate any known disability of Plaintiff. All of Plaintiff's claims against Defendants must be dismissed.

**6) Walls and Williams are Entitled to Qualified Immunity**

The body cam videos establish as a matter of law that neither Walls nor Williams engaged in conduct that violated Plaintiff's clearly established Constitutional or statutory rights, and certainly did nothing that all reasonable peace officers would have known was a violation of the law. As such, they are entitled to qualified immunity, and the claims against them must be dismissed. *Dudley v. Angel*, 209 F.3d 460, 462 (5th Cir. 2000); *Pierce v. Smith*, 117 F.3d 866, 871 (5th Cir. 1997); *Anderson v. Creighton*, 483 U.S. 635, 641 (1987); *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

**7) Bystander Liability**

Because Plaintiff does not state any unlawful seizure, excessive force, or denial of medical care claim, there is no Constitutional violation from which Deputy Walls and Deputy Williams failed to protect Plaintiff. Plaintiff's Amended Complaint, therefore, fails to adequately plead a claim for failure to intervene and should be dismissed. *Nolan v. Buchanan*, No. 25-1144 SECTION P, 2025 U.S. Dist. LEXIS 217648, at *14-15 (W.D. La. Oct. 6, 2025); *Ballard v.*

*Hedwig Vill. Police Dep't*, 408 F. App'x 844, 845 (5th Cir. 2011) (; *Griffin v. City of Sugarland, Texas*, 787 F. App'x 244, 245 (5th Cir. 2019), *report and recommendation adopted*, 2025 U.S. Dist. LEXIS 215355 (W.D. La. Oct. 31, 2025).

**8) Municipal Liability**

Plaintiff's claims against Rockwall County under Section 1983 should be dismissed because she has not adequately pled that any alleged Constitutional injury was caused by a policy, custom, pr practice of Rockwall County. *Monell v. Department of Social Services*, 436 U.S. 658 at 692 (1978); *Oklahoma City v. Tuttle*, 471 U.S. 808, 828 (1985). Plaintiff argues that the single decision of a Lieutenant in the Rockwall County Sheriff's Office adequately pleads the liability of Rockwall County because the Lieutenant is a "final policymaker" for the County. Dkt. 36, pp. 17-18. This is incorrect. The final policymaking authority for a Texas county in the areas of law enforcement, preserving of the peace, and the arresting of offenders is the *Sheriff*. *Turner v. Upton County, Texas*, 915 F.2d 133, 136 (5th Cir. 1990); Tex.Code.Crim.Proc., arts. 2.13 and 2.17. Plaintiff has not pled any involvement by the Rockwall County Sheriff in the events made the basis of this suit. *See* Dkt. 18.

Plaintiff also has not adequately pled any "single-incident failure to train" claim. *See* Dkt. #36, pp. 18-19. Plaintiff's arguments in this regard do not go to the elements of such a claim and are simply boilerplate, generalized recitations and conclusions. *Id*., at p. 19. Critically, Plaintiff offers no well-pled facts in her Amended Complaint that the need for training on dealing with suspects with port line medical devices was obvious, nor that a failure to provide such training was highly predictable to result in a Constitutional violation. *See* Dkt. #18. Such allegations are, at a minimum, required to state a (generally disfavored) single-incident failure to train claim. *Bd. of the Cnty.Comm'rs v. Brown*, 529 U.S. 391, 409-10 (1997).

WHEREFORE, PREMISES CONSIDERED, Defendants Rockwall County, Texas, Deputy Jeffrey Walls, and Deputy Trey Williams pray that the Court grant this Motion to Dismiss and dismiss with prejudice all of Plaintiff's claims against Rockwall County, Deputy Walls and Deputy Williams (including on the basis of qualified immunity); Defendants further pray that Plaintiff take nothing by this suit, that all relief requested by Plaintiff be denied, and that Defendants recover all costs of suit and attorney's fees, as well as for such other and further relief, both general and special, at law or in equity, to which Defendants may show themselves to be justly entitled.

Respectfully submitted,

*/s/ Stephen D. Henninger*
**STEPHEN D. HENNINGER**
State Bar No. 00784256
henninger@mdjwlaw.com
**FRANCISCO J. VALENZUELA**
State Bar No. 24056464
valenzuela@mdjwlaw.com
**MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.**
9111 Cypress Waters Blvd., Suite 250
Dallas, Texas 75019
214-420-5500
214-420-5501 (fax)
**ATTORNEYS FOR DEFENDANTS ROCKWALL COUNTY, TEXAS, DEPUTY JEFFREY WALLS. AND DEPUTY TREY WILLIAMS**

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2026, I electronically filed the foregoing document with the Clerk of the Court through the ECF system and an email notice of the electronic filing was sent to all attorneys and parties of record.

*/s/ Stephen D. Henninger*
**STEPHEN D. HENNINGER**